## SPENCE *v.* MILLER.

STEPHENS, J. Where, after an affidavit of illegality to the levy of an execution upon land had been tendered to the sheriff and by him accepted and filed with the clerk of the superior court, the plaintiff in fi. fa., in a petition to which the sheriff and the defendant in fi. fa. were parties, asked the court to direct the sheriff to refuse to accept the affidavit of illegality and to return it to the defendant in fi. fa., and that it be dismissed upon the ground that it set up in defense to the levy the same grounds upon which the defendant in fi. fa. had previously sought to enjoin the plaintiff from proceeding with a levy of the same execution, and that the matter had become adjudicated by the dismissal of an interlocutory injunction in the former suit, and that the affidavit of illegality was insufficient because the defendant in fi. fa. had failed to pay to the sheriff the amount admitted to be due to the plaintiff in execution, and upon the general ground that the affidavit of illegality "was clearly insufficient on its face," and where the only evidence adduced upon the hearing of the motion consisted in the petition for injunction and an amendment which the defendant in fi. fa. had previously filed, a judgment of the court, entered after a hearing upon the petition to direct the sheriff to refuse to accept the affidavit of illegality and to return it to the defendant in fi. fa. and to dismiss it, which provided that "after argument and submission of documentary evidence, and after consideration, it is ordered that the said affidavit of illegality be and the same is hereby dismissed and stricken," was not a judgment of the court upon an inquiry into the truth of the allegations of the affidavit of illegality, but was only a judgment passing upon the sufficiency of the allegations in the affidavit of illegality to constitute a defense to the levy, either within themselves or when taken in connection with the fact that the defendant in execution had, in a former proceeding for injunction, urged the same grounds of objection to the levy of the same execution. It follows that the only assignment of error in the bill of exceptions to the judgment striking the affidavit of illegality, which is that the plaintiff in error excepts to the judgment upon the ground that "the court

626

had no jurisdiction to inquire into the truth of the allegation of the affidavit of illegality on this hearing, but was limited to determining the sufficiency of the allegation of the affidavit of illegality," has no basis in fact, since the court did not "inquire into the truth of the allegation of the affidavit of illegality." There being no other assignment of error, the judgment must be

*Affirmed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 28, 1933.

*William B. Jones,* for plaintiff in error.
*H. A. Allen, J. Wilson Parker,* contra.